UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERAMIE PAUL BRUNET, JR. | CIVIL ACTION |
| VERSUS | NO. 21-871 |
| TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX, ET AL | SECTION "H" (2) |

### FINDINGS AND RECOMMENDATION

Plaintiff Jeramie Paul Brunet, Jr., has filed this 42 U.S.C. § 1983 civil rights complaint in the United States District Court for the Eastern District of Louisiana.

On May 11, 2021, the clerk of this court mailed to Brunet at his current address a § 1983 Response Order instructing Brunet to file a statement of facts, exhibit and witness list by June 10, 2021. To date, Brunet has not complied with this Court's Order. A review of the record indicates that this order was mailed to plaintiff at the address listed on his complaint, and this order has not been returned to the court nor has Plaintiff provided a change of address.[1] No response from plaintiff was received. Brunet's failure to comply with the court's order and rules has delayed the court's ability to efficiently manage the case.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*,

---

[1] All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated April 15, 2021, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." R. Doc. No. 1 at p. 7, ¶ VI.

813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. *Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986). Because the plaintiff in this case is in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt from compliance with relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F.2d at 593.

Brunet's failure to file a statement of facts, exhibit and witness list to date, much less by the June 10, 2021, deadline has delayed and interfered with the court's ability to manage this case. The delay is caused by and attributable to Brunet himself, justifying dismissal of his complaint.[2]

In a final effort to provide plaintiff with an opportunity to show cause why his complaint should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. Any objection should contain a short summary of the reasons why he failed to comply with the court's previous order. Plaintiff is further advised that any objection should be in writing and filed with the Clerk

---

[2] *See Torns v. State of Miss. Dept. of Corrections*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Management Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of his case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if plaintiff does not file written objections to these Findings and Recommendation, the claims of Jeramie Paul Brunet, Jr., be **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this ___21st___ day of June, 2021.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).